IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-293-BO

| | |
|---|---|
| DERRICK ALLEN SR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| WHISKEY KITCHEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and for frivolity review. For the reasons stated below, the motion to proceed *in forma pauperis* is allowed, and the case is dismissed as frivolous.

## DISCUSSION

The undersigned finds that plaintiff has demonstrated appropriate evidence of inability to pay the required costs of court. His application to proceed *in forma pauperis* [DE 1], therefore, is granted. The Clerk is directed to file the complaint.

After allowing a party to proceed *in forma pauperis*, as here, the Court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the Court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Cochran v. Morris*, 73 F.3d 1310, 1315–16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute, 28 U.S.C. § 1915(d)). A complaint is frivolous if it "lacks an arguable basis in either law or fact." *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly

fanciful' as to be simply 'unbelievable.'") (citations omitted). The Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). A plaintiff proceeding *in forma pauperis*, however, must "meet certain minimum standards of rationality and specificity." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994). A court may dismiss all or any part of a complaint which fails to state a claim upon which relief can be granted or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff filed this suit under Title VII of the Civil Rights Act of 1964 alleging employment discrimination. Specifically, plaintiff alleges that he was terminated from his employment with defendants because he had to leave work early due to a family emergency and that while employed he endured sexual harassment. Plaintiff also alleges that although he had informed his employer that he does not eat pork because of his culture he was nonetheless fed pork.

Before a plaintiff may file suit under Title VII, he is required to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). *See* 42 U.S.C. § 2000e– 5(f)(1). If a plaintiff fails to exhaust administrative remedies, the federal court lacks jurisdiction over the claim. *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013). Plaintiff notes in his complaint that he is pending an interview with the EEOC but does not indicate that he has received a right to sue letter.[1] "An employee who does not comply with the [EEOC] administrative procedures . . . has failed to exhaust administrative remedies and therefore

---

[1] Subsequent filings by plaintiff indicate that plaintiff has settled his claim with defendants, though he indicates that he is unhappy with the settlement. The Court discerns no allegation from plaintiff's subsequent filings that would support a justiciable claim in this Court, and thus it finds no grounds upon which to permit plaintiff to amend his complaint.

2

is barred from filing suit in federal court." *Artis v. U.S. Foodservice, Inc.*, No. CIV.A. ELH-11-3406, 2014 WL 640848, at *17 (D. Md. Feb. 18, 2014).

Accordingly, as it appears from the face of plaintiff's complaint that the Court lacks subject matter jurisdiction over this action, the complaint is properly dismissed. Plaintiff's motion to dismiss the complaint, which he subsequently asked to withdraw, is denied as moot.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* [DE 1] is GRANTED. The Clerk is DIRECTED to file the complaint. [DE 1–1]. This matter is hereby DISMISSED following the Court's frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion dismiss [DE 4] is DENIED AS MOOT. The Clerk of Court is DIRECTED to close the case.

SO ORDERED, this __7__ day of July 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE